Rainsford J. WINSLOW, Plaintiff,

v.

Morgan County Commissioner Robert BAUER, Morgan County Commissioner Henry Kammerzell, Morgan County Commissioner John Lindell, Morgan County Attorney E. Ord Wells, Defendants.

Rainsford J. WINSLOW and Winifred W. Winslow, Plaintiffs,

v.

Judge James R. LEH, Court Reporter David A. Martin, Defendants.

Rainsford J. WINSLOW and Winifred W. Winslow, Plaintiffs,

v.

Robert J. DYER III, Stutz, Dyer, Miller & Delap, Stanley I. Rosener, Keith D. Williams, Alma Jean Williams, Damon McMahan, Dorothy McMahan, Irvin R. Kaiser, Carolyn D. Kaiser, William Kroskob, Helen P. Kroskob, Mark R. Weimer, Ardith J. Weimer, D.E. Steger, Richard H. Waters, Rosemary J. Waters, Bernie Hodapp, Elaine Hodapp, Thomas Wheeler, Eleanor Wheeler, John Conn Clatworthy, Barbara Brett Clatworthy, Keith L. Gay, Donna J. Gay, Lee O'Neil, Steven B. Armstrong, Dwight L. Moody, Mildred Moody, John F. Fillingham, Cheryl A. Fillingham, Andrew W. Blake, Cynthia J. Blake, Margaret E. Harrington, Deborah K. Armstrong, and E. Milton Binford, Defendants.

Civ. A. Nos. 83–K–1267, 83–K–2441 and 84–K–367.

United States District Court, D. Colorado.

April 20, 1984.

As Amended April 23, 1984.

See also, D.C., 577 F.Supp. 951.

Rainsford J. Winslow and Winifred W. Winslow, Fort Morgan, Colo., for plaintiffs.

Patrick F. Gartland, and J. Bayard Young, Englewood, Colo., Cheryl Hanson, Asst. Atty. Gen., David Brougham, Robert J. Dyer, III, Stutz, Dyer, Miller & Delap, Denver, Colo., for defendants.

KANE, District Judge.

These cases give new meaning to the ditty "For want of a nail the Kingdom was lost ..." Plaintiffs herein were unsuccessful defendants in a state court proceeding. At that level they were represented by counsel. Along the appellate way, however, they abandoned legal representation and elected not to procure a transcript of the trial court proceedings for review by the Colorado Court of Appeals. When it became apparent to plaintiffs that they would be unsuccessful in the state court system, they filed a flurry of suits in federal district court. Some of those suits are still pending before me on a variety of motions. I am treating them in a joint order because they share a common nucleus of operative fact.

All the cases stem from a class action filed originally in Morgan County District Court in Fort Morgan, Colorado. There, in case number 79CV97, the Winslows and others were sued for their involvement in a housing development known as Morgan Heights. The Winslows pioneered the Morgan Heights development in 1954 and 1955 when they purchased approximately 280 acres of what was then prairie farm land. The initial subdivision platting involved only 18 acres. It was recorded March 3, 1955, along with a declaration of restrictive covenants a few days later. The restrictive covenants became an integral part both of the state court litigation and of the Winslows' sales pitch. Pertinent portions of the restrictive covenants provided for central control of the development and maintenance of roads, of water and sewage systems, of density, usage and lot size in the development. In theory, there was to have been a non-profit corporation known as Morgan Heights, Inc., whose purpose was to own and manage the water system, the sewage system and perform the other duties explicitly described in the restrictive covenants. But, as the trial court found:

On or about November 29, 1977, it was allowed to become defunct by Defendants Winslow. Its assets were always negligible as none of the water rights, utility easements, water system, sewer system, or the like, were ever transferred to it by the Defendants Winslow.

The class of plaintiff homeowners sought to compel the Winslows to release possession of all wells, water rights, water delivery systems and sewer systems and to reconvey same to the Morgan Heights Landowners' Association. The class suit also sought to compel the Winslows adequately to grade and maintain streets and roadways within the subdivision. Judgment entered against the Winslows in state court in three different memorandum opinions and orders. The first, dated January 30, 1981, dealt exclusively with the issues pertaining to the maintenance and graveling of the streets within the subdivision. By the terms of that judgment the Winslows were required to upgrade certain of the roads within the subdivision to state standards for gravel roads. Judge Leh also ordered the county to accept the roads for regular maintenance as county roads, notwithstanding the county's longstanding policy of not accepting any roads unless they were paved.

Eighteen months later Judge Leh entered judgment on all other issues, including those pertaining to the water and sewer systems in the subdivision. Judge Leh found that there had been numerous misrepresentations and false statements by the Winslows concerning both the water and sewer systems. He gave the class

both equitable and legal relief. Judge Leh awarded additional damages for fraud in connection with the water system. The total amount of the judgment against the Winslows was about $250,000. The Winslows received a stay of execution as to the October, 1982 judgment, but never received any kind of stay as to the judgment of January 1, 1981. As part of the October, 1982 judgment Judge Leh found that a small acreage known as Winslow park had been dedicated by the Winslows to the public. He therefore declared a perpetual easement to the public for use as a park. A third judgment also entered against the Winslows in favor of the county for attorney fees.

The Winslows appealed the road issues and attorney fees judgments under Colorado Court of Appeals Nos. 81CA0297 and 82CA0310. These appeals were dismissed without prejudice by the Court of Appeals for failure to comply with Rule 54, Colo.R. Civ.P. The Winslows also appealed the judgment of October, 1982, under Colorado Court of Appeals No. 83CA–211. The stay of execution remained in effect as to the 1982 "other issues" judgment only so long as the appeal was not dismissed with prejudice. Unfortunately, the appeal in 83CA0211 was dismissed with prejudice on January 11, 1984, thus leaving the Winslows vulnerable to execution of the entire judgment. On March 26, 1984 the Colorado Supreme Court denied Winslows' petition for certiorari to the Court of Appeals.

The Winslows were not content to let matters rest in the hands of state court jurists. They first filed suit in federal district court against three county commissioners from Morgan County and the Morgan County Attorney. That case, *Winslow v. Bauer,* 83–Z–1267, sought damages for alleged violations of Winslows' civil rights arising out of certain actions taken by the county in connection with the Winslow subdivision. Specifically, the Winslows claimed the commissioners committed fraud by obtaining money from the federal government for the upkeep of the roads in the Winslow subdivision and not actually performing the necessary maintenance

thereon. The complaint also alleged a conspiracy to violate Winslows' civil rights by virtue of a state court suit brought by the commissioners to enjoin further construction on the Winslow sewer system without a special use permit. After extensive discovery and pleading, the Winslows filed a motion to recuse Judge Weinshienk pursuant to 28 U.S.C. § 144 and § 455. Judge Weinshienk granted the motion, apparently on the basis that she had been named a defendant in yet another civil suit in federal court. The case was then transferred to me on December 14, 1983. After hearing oral argument and considering the briefs, I granted defendants' motions for summary judgment on January 16, 1984. The only matter pending before me yet on this case is defendants' motion for attorney fees on the grounds that it was a frivolous action. Needless to say, the Winslows vigorously oppose any imposition of attorney fees.

The Winslows' next foray into federal court came in the guise of a suit against the justices of the Colorado Supreme Court, No. 83–Z–2279, which was assigned to Judge Weinshienk. Judge Weinshienk dismissed the case against the justices on December 6, 1983. Plaintiffs appealed to the Tenth Circuit. Apparently miffed at Judge Weinshienk's refusal to take any action against the Colorado Supreme Court, the Winslows then filed an action against Judge Weinshienk, personally, No. 83–K–2340. I dismissed the case against Judge Weinshienk on December 15, 1983.

The Winslows then filed suit against Judge James R. Leh, who presided over the state court suit, and his court reporter, David Martin, No. 83–K–2441, one of the above-captioned cases. The Winslows claim that Judge Leh denied them equal protection of the law by permitting Stanley Rosener, an attorney, to hook up to their sewer system without paying a sewer tap fee. They also say that they were deprived of property without due process when Judge Leh donated five acres of Winslow land to Morgan County. I take this allegation to mean that Judge Leh somehow abused his office in the state court litiga-

**1052**

tion, when he imposed a constructive trust on five acres of land for the benefit of the class and the county. Next, the Winslows claim that Judge Leh was biased against them in the preparation and pendency of the state court case by virtue of his denial of a motion for summary judgment; by his failure to remove a lis pendens filed by the plaintiffs; and by his forcing their then attorney to go to trial in state court without adequate preparation. The Winslows also claim that Judge Leh improperly certified the class of plaintiffs in the state court by failing to give adequate notice to them and by failing to take adequate testimony from all concerned. The Winslows would also have me declare rules 23, 38, and 97, Colo.R.Civ.P., unconstitutional because they allegedly afford less protection to civil litigants than to criminal defendants. Although not denominated as a claim for relief in the amended complaint, there are also factual allegations tending to support a claim against Mr. Martin for his alleged failure to supply the Winslows a complete transcript when they were in the process of appealing some of the state court judgment to the Colorado Court of Appeals. Both defendants have moved to dismiss this case. I will consider their arguments below.

In early 1984, the Winslows filed two additional suits. First, they sued senior state court district Judge George McNamara, No. 84–K–366. Judge McNamara had been appointed to hear certain post-judgment hearings in the Morgan County District Court case. The complaint in 84–K–336 alleged that a hearing pursuant to rule 69, Colo.R.Civ.P., had been set without the knowledge of the Winslows and in violation of their rights under the United States Constitution. They asked me to enjoin the Morgan County District Court and Judge McNamara from proceeding further with the hearing scheduled for February 29, 1984. I dismissed the case as an im-

proper attempt to have a federal court interfere with a state court proceeding on February 23, 1984.

The third case pending before me is 84–K–367. There, the Winslows have named as defendants the plaintiffs in the state court proceeding as well as the plaintiffs' attorneys.[1] The Winslows seek relief for an assertedly improper or illegal setting of a rule 69 hearing in the state court; for an allegedly illegal garnishment procedure; for the tort of abuse of process; for an alleged violation of the 14th Amendment's equal protection clause; and for an alleged conspiracy to deprive the Winslows of their civil rights. Again, defendants have moved to dismiss or for summary judgment on all counts.

## MOTION TO DISMISS

### 83–K–2441

■ Every act of Judge Leh of which the Winslows complain arose in the context of the state court class action. As such, the acts done and decrees issued by Judge Leh constitute state action. However, Judge Leh is absolutely immune from damage liability unless he performed a non-judicial act or clearly acted in excess of his jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Nowhere do the Winslows suggest that Judge Leh acted in excess of his jurisdiction or that he performed a non-judicial act. I accordingly dismiss the first, second, third, fourth, and fifth claims for relief insofar as they pertain to Judge Leh.

■ The sixth claim for relief asks me to declare rules 23, 38 and 97, Colo.R.Civ.P., unconstitutional. As the plaintiffs put it in their petition for a writ of certiorari to the United States Supreme Court: "There is also racial discrimination here because Black and Chicano Criminal Defendants get benefits the White Civil Defendant does

---

**1.** The Winslows have also twice tried to remove the state court litigation to this court, once in 1983, 83–Z–1085, once in 1984, 84–K–800. Judge Weinshienk remanded 83–Z–1084 on June 27, 1983. Her order is currently pending

before the United States Supreme Court on a writ of certiorari to the Tenth Circuit Court of Appeals, which affirmed her remand. I denied the petition for removal in 84–K–800 on April 17, 1984, since I found it meritless.

not get." This is an absurd argument. Further, it is not cognizable in federal court in its present form. I accordingly dismiss the sixth claim for relief since it fails to state a claim upon which relief can be granted.

■ The seventh claim for relief, denominated "Possible Need for Injunctive Relief," suggests that they would be entitled to injunctive relief if the Colorado Supreme Court were to deny their petition for certiorari. In fact, the Supreme Court denied the petition on March 26, 1984. Again, as I said in *Winslow v. McNamara*, 84–K–366, injunctive relief would "constitute unwarranted intervention into an ongoing state proceeding." I therefore dismiss the seventh claim for relief as well.

The amended complaint does not address itself in any specific way to the claims against David Martin, Judge Leh's court reporter. The original complaint did, and it is clear to me from reviewing the voluminous pleadings the Winslows have filed in all these cases that their complaint is as much with Mr. Martin as it is with Judge Leh. In accordance with the Supreme Court's dictates that *pro se* complaints be read liberally, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), I will consider the charges against Mr. Martin.

In their most recent petition for removal addressed to this court, the Winslows described the following facts:

On 8 Jun 83, the Winslows were ordered [by the Colorado Court of Appeals in # 83CA0211] to purchase a transcript from Court Reporter David A. Martin, which was estimated to cost somewhere between $10,000 and $15,000. The Winslows know that it was incomplete, that on another occasion, the Court Reporter omitted prejudicial remarks made by Trial Court Judge James R. Leh and that the Court Reporter could not find the testimony of five witnesses favorable to the Winslows, which he admitted by letter.

Because the Winslows questioned the credibility of this Court Reporter in the Trial Court, the Colorado Court of Appeals and the Colorado Supreme court, and in the press, the Winslows believe that this Court Reporter is biased and prejudiced against them and they were fearful of purchasing the transcript because it could have been 'doctored."

Petition for Removal at 3, Case No. 84–K–800.

Again, I find that the allegations, even when taken as true, do not state a claim upon which relief can be granted or, in the alternative, are barred by the doctrine of res judicata. The Winslows were specifically ordered by the Colorado Court of Appeals to file a transcript. This they declined to do, because in their opinion it would have been fruitless. The Court of Appeals then dismissed the appeal. The Winslows have never ordered a complete transcript of the proceedings in state court. They cannot now be heard to say that the transcript is incomplete, fraudulent or doctored. That would be putting the cart before the horse. The Winslows remedy could have been found in Colorado Appellate Rule 10(c), which sets out the procedure available to litigants where "no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable...."

■ The Winslows chose to ignore the Court of Appeals' order. Had a transcript been provided, the five or six suits the Winslows have filed in federal court probably would have been unnecessary. At the very least, there would have been an adequate record from which the courts could have reached a decision on the merits of the Winslows' claims, instead of allegations seemingly without any factual basis.

The law is settled in this jurisdiction that the doctrine of res judicata precludes a § 1983 plaintiff from relitigating not only those issues which were actually decided in state court, but also any other issues which might have been raised. *Delve v. Three Lakes Water & Sanitation District*, 568 F.Supp. 662, 665 (D.Colo.1983). The Winslows not only could have but should have

**1054**

raised and litigated the transcript issues in state court. The failure to do so is an absolute barrier to this suit. I therefore dismiss the remainder of the complaint, specifically as it alleges any cause of action against David Martin.

## MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

### 84–K–367

 Reading the Winslow complaint very liberally, I find that it attempts to state a claim for relief under the following statutes: 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 15 U.S.C. § 1671; and 15 U.S.C. § 1692. I agree with the defendants that the claims the Winslows advance are not legally cognizable and fail to state a claim upon which relief can be granted. I therefore dismiss this complaint.

I read the complaint as alleging the improper institution of garnishment proceedings against plaintiffs. Such acts are actionable only if plaintiffs can show there is a violation of a right protected by state law and also that the violation was caused by one acting under color of state law. The Winslows have not joined in this suit any court officials. It is thus difficult for me to see how there is any action under color of state law by any of the defendants. *See Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *Anderson v. Glismann,* 577 F.Supp. 1506 (D.Colo.1984). I accordingly dismiss counts one and two of the complaint and amended complaint.

 I also dismiss any count of conspiracy under 42 U.S.C. § 1985 on the grounds that the complaint even when taken as true, alleges no racial or class-based, invidiously discriminatory animus against the Winslows. *See Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1978); *Sager v. City of Woodland Park,* 543 F.Supp. 282 (D.Colo.1982). In the absence of a sufficient claim under § 1985, the claim under § 1986 also falls.

*Williams v. St. Joseph Hospital,* 629 F.2d 448 (7th Cir.1980).

 Finally, I dismiss any claims which might arise under 15 U.S.C. §§ 1671 and 1692. Section 1671 is merely a statement of congressional intent concerning restrictions on garnishment. It will not support a cause of action. Nor will § 1692. The defendants are not debt collectors within the meaning of the act. *See* 15 U.S.C. § 1692a(6)(D) & (F).

## ATTORNEY FEES

 In 83–K–1267 defendants have moved for an award of attorneys fees pursuant to 42 U.S.C. § 1988 on the grounds that it was a frivolous and groundless suit. While I deny the motion in 83–K–1267, I will permit an award of fees in 83–K–2441 and 84–K–367. I do so because the issues in the first suit were not so related to the state court litigation that I can say the bringing of the suit was totally groundless. Further, most of the claimed legal work was done during several months when it should have been apparent to all of those connected with the case who are trained in the law that the case was meritless. The Winslows should not be penalized for the legal system's delay in dealing with the obvious.

In 83–K–2441 the Winslows were merely trying to rehash issues that could have and should have been raised in state court. Civil action 84–K–367 appears to me to be a blatant attempt at preventing the collection of a valid judgment. The federal court should not be so employed. An award of fees is therefore appropriate.

## CONCLUSION

Defendants' motions to dismiss or for summary judgment are granted in 83–K–2441 and 84–K–367. Defendants' motion for attorneys fees in 83–K–1267 is denied. Defendants may have costs and attorneys fees in 83–K–2441 and 84–K–367 if an appropriate application is filed within ten days of the date of this order.