ORDER ON MOTION FOR SUMMARY JUDGMENT
 

 KANE, District Judge.
 

 This is an action brought under ERISA trust agreements. Plaintiff seeks an accounting for the period April 1980 through June 1984, as well as any delinquent contributions revealed by the accounting. The trust agreements in issue expired on June 30, 1984.
 

 In March 1984, plaintiff brought suit against defendant for various breaches of the same trust agreements. That case, which was assigned Civil Action No. 84-JM-468, alleged two claims for relief. May first sought interest and liquidated damages for defendant’s dilatory contributions to the fund for the months of September and October of 1981 and the month of October 1982. May secondly claimed defendant had failed to report and to pay contributions for the months of December 1982 up to the date of the complaint.
 

 On September 24, 1984, Judge Moore signed the parties’ stipulation of dismissal with prejudice in 84-JM-468. That stipulation contained a schedule of monthly payments defendant was obligated to make to the pension fund. Plaintiff does not dispute defendant’s compliance with the terms of this stipulation.
 

 Defendant now moves for summary judgment in this action, primarily on the grounds of res judicata. Plaintiff, in response, attempts to distinguish between the causes of action raised in the two lawsuits.
 
 See
 
 Amended Affidavit of Dan Dit-ter, at ¶ 15.
 

 Under the doctrine of res judicata, “a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.”
 
 Allen v. McCurry,
 
 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). In
 
 Winslow v. Bauer,
 
 585 F.Supp. 1048, 1053-54 (D.Colo.1984), an action for violations of 42 U.S.C. § 1983, I wrote: “The Winslows not only could have but should have raised and litigated the transcript issues in state court. The failure to do so is an absolute barrier to this suit.”
 
 See also Pomeroy v. Waitkus,
 
 183 Colo. 344, 517 P.2d 396, 399 (1973) (res judicata “bars relitigation not only of all issues actually decided, but of all issues that might have been decided”).
 

 This doctrine is fully applicable to the case at bar. Plaintiff does not contest the finality of judgment posed by the stipulation executed in 84-JM-468. Moreover, there is complete identity of parties. The only question remaining is whether plaintiff should have raised, in 1984, the claims asserted in the instant action. Under the facts presented, the answer to this query is yes. When the trust agreements terminated at the end of June 1984, 84-JM-468 was in a state of active litigation. Plaintiff was on notice, or at least on inquiry of notice, of all its current claims: defendant’s withdrawal liability, audits for pertinent time periods, and contributions from March 1984 to June 1984. Nevertheless, plaintiff did not seek leave to amend his complaint to address these issues. Plaintiff also made
 
 *24
 
 no attempt to bargain for reservation of these issues during negotiation of the stipulation.
 

 Res judicata is designed to “relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.”
 
 Allen v. McCurry,
 
 449 U.S. at 94, 101 S.Ct. at 415. There must be an end to litigated controversies. In the case at bar, defendant’s liability under the trust agreements for the entire period of April 1980 to June 1984 should have been litigated in the 1984 action because the trust agreement relationship terminated at that time.
 
 [1]
 
 The piecemeal litigation presented by the current action poses exactly the type of situation to which the doctrine of res judicata is properly addressed.
 

 Accordingly, IT IS ORDERED that defendant’s motion for summary judgment is granted. Judgment shall enter accordingly. Each party shall bear his or its own costs.
 

 [1]
 

 . I therefore distinguish plaintiff's cited case,
 
 I.A.M. National Pension Fund v. Industrial Gear Manufacturing Company,
 
 723 F.2d 944, 948-49 (D.C.Cir.1983).