Rafael Mojica HERRERA, Administrator of the Estate of Ruperto Mojica Herrera, Deceased, Plaintiff,

v.

FARM PRODUCTS COMPANY, a corporation, and Iowa Beef Processors, Inc., a corporation, Defendants.

No. C–78–4025.

United States District Court, N. D. Iowa, W. D.

May 19, 1982.

12. Plaintiff's request for a stay of discovery pending resolution of this motion is mooted by this decision.

**434**

Roman de la Campa and George T. Qualley and Elizabeth J. Tupper of Qualley, Larson & Jones, Sioux City, Iowa, for plaintiff.

Emmanuel S. Bikakis and Larry A. Storm of Bikakis, Titus, Vohs & Storm, Sioux City, Iowa, for defendants.

### ORDER

HANSON, Senior District Judge.

Before the Court is defendants' resisted "Motion for Allowance of Attorney Fees and Costs." In Division I of the motion, defendants seek fees from plaintiff pursuant to 42 U.S.C. § 1988 as the "prevailing party" in this civil rights litigation. In Division II of the motion, defendants seek attorneys' fees and costs from plaintiff's counsel to the extent that counsel is alleged to have "unreasonably and vexatiously" multiplied the proceedings in this case. 28 U.S.C. § 1927. Defendants also move the Court for a hearing on these issues, but in light of the Court's ruling, such a hearing is deemed to be unwarranted.

Addressing Division I of defendants' motion, the Court recognizes its discretionary authority under 42 U.S.C. § 1988 to allow a reasonable attorneys' fee to defendants, in whose favor the Court directed a verdict upon plaintiff's claim of discrimination under 42 U.S.C. § 1981. Such discretion is to be tempered by application of the standard stated in *Obin v. District No. 9, Int'l Assn. of Machinists and Aerospace Workers*, 651 F.2d 574, 577 (8th Cir. 1981): an award of attorneys' fees to a prevailing defendant is permitted only if "a court finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Quoting Christians-*

*burg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).[1]  In applying this standard, the Court is to avoid engaging in *post hoc* reasoning whereby plaintiff's claim is deemed unreasonable or groundless merely because plaintiff did not ultimately prevail. *Id.*

Counsel for plaintiff were able to nurture this lawsuit along after its initial decimation by a partial granting of defendants' motion to dismiss, and later, its survival of motions for judgment on the pleadings and summary judgment.  Despite the Court's grave doubts about plaintiff's ability to make out a case of racial discrimination upon the facts as alleged, defendants' motion for summary judgment was overruled because affidavits submitted by counsel for plaintiff managed to raise an issue upon the element of intent to discriminate. *Cf. Keys v. Lutheran Family & Children's Service of Missouri, et al.*, 668 F.2d 356, 358 (8th Cir. 1981) ("[W]here motive, intent and credibility are key factors [in an employment discrimination suit] summary judgment is generally inappropriate").  The Court's doubts ultimately were borne out at the trial, when counsel for plaintiff could muster no evidence that the deceased was treated any differently than any other employee of defendants on the day in question nor was there any evidence of any racially based animus with regard to defendants' actions on that day.  In sum, this claim is close to being an unreasonable and groundless claim for which a fee award to defendants would be appropriate.

▮ Having made these observations, the Court nevertheless declines to exercise its discretion in favor of awarding attorneys' fees to defendants because it believes that plaintiff proceeded in good faith[2] on the advice of counsel in bringing and pursuing this cause of action.  The representative plaintiff in this cause is the brother of the deceased.[3]  Plaintiff is a young man who was born and has lived most of his life in Mexico although now he lives and works in the United States.  He has an elementary level education, his facility with the English language is limited, and certainly he has very little understanding of the American judicial system.  These facts lead the Court to conclude that for all intents and purposes, this litigation was totally in the control, not of plaintiff, but of his attorneys.  Assessing attorneys' fees against plaintiff under these circumstances would do nothing more than penalize him for his obeisance to his attorneys.  This the Court refuses to do.  Furthermore, even if the Court were to assess a fee award, plaintiff would be unable to pay it.  The Court believes that for this reason alone, defendants' motion for attorneys' fees could be discretionarily denied. *See Wooten v. New York Telephone Co.*, 485 F.Supp. 748, 762 (S.D.N.Y.1980) (Title VII action); *Doe v. Mundy*, 441 F.Supp. 447, 452 (E.D.Wis.1977) (42 U.S.C. § 1983 action).

1. *Obin* and *Christiansburg* involved construction of the attorneys' fees provision to Title VII, 42 U.S.C. § 2000e–5(k), and not 42 U.S.C. § 1988, but "the standard for determining whether a prevailing defendant may recover fees in a civil rights action does not differ from the standard applicable in a Title VII action." *Obin v. District No. 9, Int'l Assn. of Machinists and Aerospace Workers*, 651 F.2d 574, 578 n.5 (8th Cir. 1981).

2. The Court is aware that bad faith on the part of plaintiff is not "a necessary prerequisite to a fee award against him." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).  It is recognized, however, that a finding that plaintiff proceeded in good faith on the advice of counsel and that the action was not brought to harass, embarrass or abuse defendants negates "any possible finding of the type required by the Supreme Court in such cases before a prevailing defendant may recover an attorney's fee." *Hughes v. Repko*, 578 F.2d 483, 489 (3d Cir. 1978).  The Court is also of the belief that plaintiff did not bring this action "to harass, embarrass or abuse defendants," *id.*; nothing in the record indicates that plaintiff held anything but an honest belief that he had a cause of action for racial discrimination on behalf of his deceased brother.

3. This suit was initially brought by another brother of the deceased, Guadalupe Mojica Herrera, who was the original administrator of deceased's estate.  Thereafter, the current plaintiff, Raphael Mojica Herrera, was substituted as administrator of the estate and hence, substituted as the representative plaintiff in this cause of action. *See* Order of April 21, 1981, Pleading No. 76.

Accordingly, the Court refuses to find that plaintiff's claim was frivolous, unreasonable, or groundless, and shall overrule defendant's motion for attorneys' fees.

■ Additionally, defendants allege in Division II of their motion that counsel for plaintiff "unreasonably and vexatiously" multiplied the proceedings in this case and attorneys' fees should be assessed against plaintiff's counsel to the extent that the proceedings were prolonged. *See* 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.") [4]

Defendants seek reimbursement for time expended (a) in researching the doctrine of res ipsa loquitur—a theory apparently raised in plaintiff's complaint—and drafting a motion to dismiss in response to plaintiff's complaint; (b) in responding to plaintiff's request that any interrogatories, depositions, or oral examinations directed to him be in Spanish rather than English; and (c) in resisting plaintiff's motion for a temporary restraining order wherein plaintiff sought to enforce a stipulation purporting to prevent counsel for defendants from discussing this case with certain employees of defendants who were to be called as witnesses at the trial.

■ Upon reviewing the pleadings relating to these matters, the Court concludes that the latter two matters unreasonably and vexatiously multiplied the proceedings in this case and that a reasonable attorneys' fee should be awarded. It was patently unreasonable for plaintiff's counsel to expect defendants to bear the onus of framing their discovery requests in Spanish for the convenience of plaintiff. Regarding plaintiff's motion for a temporary restraining order, the Court ruled that counsel for

plaintiff's "conclusory allegations . . . together with the supporting exhibit completely and utterly fail to show that the actions by defendants' counsel in any way threaten plaintiff with irreparable injury, loss, or damage." Order of December 21, 1981, Pleading No. 96. In addition, a transcript of the hearing at which the stipulation was reached revealed that the subject of the stipulation was totally misrepresented by plaintiff's counsel in that the agreement only stated that defendants "shall not destroy nor otherwise dispose of any documents or correspondence now in their possession or control that are relevant in any way to the plaintiff Herrera and in any way to the relationship between the named defendants." Stipulation of April 17, 1978, Pleading No. 6.

Under Division II of their motion, defendants seek an award against plaintiff's attorneys for 41 hours of work at an hourly rate of $55. Because the Court is only partially granting Division II of defendants' motion and because the Court believes that the unreasonable and vexatious matters were so lacking in substance that defendants could not possibly have spent any great length of time in responding to them, the Court deems $275 to be a reasonable attorneys' fee (five hours at $55 per hour) assessable against counsel for plaintiff.

Accordingly,

IT IS ORDERED that defendants' May 13, 1982 motion for hearing on the issues herein addressed is overruled.

IT IS FURTHER ORDERED that Division I of defendants' motion seeking attorneys' fees from plaintiff is overruled.

IT IS FURTHER ORDERED that Division II of defendants' motion seeking attorneys' fees from plaintiff's counsel is granted in the amount of $275.

---

4. Plaintiff raises the argument that 28 U.S.C. § 1927 was not amended to permit the award of attorneys' fees until September 12, 1980 (Pub.L. 96–349, 94 Stat. 1156), and thus, any action by counsel for plaintiff which is alleged to have occurred prior to the date this amendment was enacted is exempt from an assessment of fees. But the Court does not believe that it is applying this amendment retroactively since the case was pending at the time the amendment went into effect and the request by defendants' counsel for costs and fees was made long after the effective date of the amendment.