Rainsford J. WINSLOW, et al., Plaintiffs,

v.

Judge James R. LEH and David A. Martin, Defendants.

Civ. A. No. 83–K–2441.

United States District Court, D. Colorado.

Jan. 16, 1984.

Rainsford J. Winslow, et al., pro se.

Cheryl Hanson, Asst. Atty. Gen., David Brougham, Hall & Evans, Denver, Colo., for defendants.

## ORDER

KANE, District Judge.

This civil action is before the court on a motion by the plaintiffs seeking injunctive relief. The case was filed on December 16, 1983. It is the fifth case filed in this court by these plaintiffs during 1983. All of these actions arise out of litigation in the courts of the State of Colorado. Civil Action 83–Z–1085 was a removal proceeding which was ordered remanded on June 27, 1983. The appeal of that order of remand was dismissed by the Tenth Circuit Court of Appeals on December 5, 1983. Civil Action 83–K–1267 is presently pending before me after having been originally assigned to Judge Weinshienk who has recused herself. Civil Action 83–Z–2279 is pending on appeal in the Tenth Circuit. Civil Action 83–K–2340 was a petition for writ of mandamus against Judge Weinshienk which I dismissed on December 14, 1983.

Plaintiffs first sought an *ex parte* temporary restraining order which I denied on December 19, 1983 and reset for hearing as a motion for preliminary injunction on Jan-

uary 5, 1984 after service of process on the defendants had been obtained. The motion seeks a stay of state court proceedings in aid of this court's jurisdiction under Title 42 U.S.C. § 1983.

The plaintiffs have been involved in prolonged and complicated litigation in Morgan County, Colorado. The defendant, Judge Leh was the presiding judge but has since recused himself. The remaining defendant is the court reporter who was charged with reporting the trial and hearings before Judge Leh. There are two basic allegations. First, the plaintiffs assert that they were denied a fair trial by a fair and impartial judge. Evidence was offered and received on this allegation. It is uncontested that plaintiffs sought on numerous occasions in the trial court, the Colorado Court of Appeals and the Supreme Court of Colorado to have Judge Leh removed from the case. Second, the plaintiffs assert that they are unable to obtain a complete and necessary transcript because the defendant reporter advised them that he could not locate his notes for the testimony of five witnesses and further that they had presented evidence concerning omissions of a critical nature and thus feared that the reporter, too, was biased and prejudiced against them.

On January 11, 1984, some six days after the hearing before me, the Colorado Court of Appeals dismissed the appeal by these plaintiffs of the Morgan County District Court judgment based on the failure of plaintiffs to complete the record in accordance with Rule 10 of the Colorado Appellate Rules. Based on this latest order of the Colorado Court of Appeals, the plaintiffs now seek an injunction which will prevent the adverse parties in the Morgan County District Court action from enforcing or attempting to collect a judgment of $150,000 plus interest and $250,000 on an October 5, 1982 judgment.

Of course, I am unable to enjoin entities or persons who are not parties to this action and over whom I have no jurisdiction. The plaintiffs appear in this action *pro se*. I must say that I am impressed by their

sincerity, diligence and intrepidity. Even so, it is exceedingly difficult to exercise the judicial function in the absence of evenly matched adversaries. The plaintiffs cite numerous cases and quote epigrammatic statements which, while reasonably accurate, are inapposite and removed from contextual limitations.

It is beyond cavil that a § 1983 cause of action will lie for deprivation, under color of state law, of a federally protected right. *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). Whether the alleged deprivations in this case are actionable is an issue which not only need not, but indeed should not be addressed at this time. The Supreme Court ruled in *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) that a § 1983 plaintiff need not exhaust state remedies before filing suit in federal court. The issue before me, however, is whether injunctive relief against state judicial action may be obtained when such relief would constitute an intervention into an on-going state proceeding. The answer is clearly "no" and I will explain why.

In *Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) the principle was established that federal courts should abstain from deciding federal constitutional issues if a case also presents an unsettled issue of state law that has not been resolved by the courts of that state. Here, the issues presented to the Colorado Court of Appeals were dismissed where the plaintiffs made a showing that it was futile to order the record. Colorado law provides that the party presenting an appeal shall do any and all things necessary under Rule 10, Colo. App.R. to obtain the record on appeal. *Continental Air Lines v. City & County of Denver,* 129 Colo. 1, 266 P.2d 400 (1954). The question of whether exigent circumstances such as alleged by these plaintiffs are sufficient to excuse compliance with the Rule has not been decided. Indeed, it is peculiarly within the province of the Colorado courts to make that sort of decision. It would be inexcusably intrusive for a federal court to make that decision. Under existing Colorado law, the plaintiffs here have the right to petition the Supreme Court of Colorado for a writ of certiorari as well as certain extraordinary writs. Before there is an exhaustion of state remedies, it is inappropriate for this court to consider any sort of injunctive relief which would amount to an interdiction of the state judicial process.

■ State court proceedings may be enjoined under § 1983, but a federal court's power to do so should only be exercised with the utmost caution and only if clearly necessary. *Mitchum v. Foster,* 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972). It is problematical whether a federal court must abstain from action until state civil proceedings are actually exhausted. The rule of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) has been extended to certain state civil proceedings which are of a quasi-criminal nature, but a blanket requirement for all pending state actions has not been announced. The problem is considered, but not ruled upon by the Tenth Circuit Court of Appeals in *Spiegel v. School Dist. No. 1, Laramie County,* 600 F.2d 264 (1979). Irrespective of the *Younger* doctrine, I am convinced that the issuance of any injunction in this case is not necessary and that to do so would exceed the bounds of caution.

■ In summary, no injunction can issue. The defendants are the trial judge, who is now recused from any further action, and his court reporter. Any action taken against them must sound in damages rather than prohibitory relief. Serious and pervasive questions of judicial immunity, qualified immunity and privilege exist and have not been determined. By this ruling I imply none. Even if additional parties or organizations were joined in this action, under the *Pullman* doctrine I would abstain from affording injunctive relief. The plaintiffs here have available resort to the Supreme Court of Colorado and that is a process with which I shall not interfere.

IT IS ORDERED that the motion for preliminary injunction is denied.

IT IS FURTHER ORDERED that defendants shall answer or otherwise plead to the complaint on or before January 25, 1984.