**Rainsford J. WINSLOW, et al., Plaintiffs,**

v.

**Governor Roy ROMER, et al., Defendants.**

**Civ. A. 90–K–2173.**

United States District Court, D. Colorado.

March 20, 1991.

See also 123 B.R. 74.

Rainsford J. Winslow, Fort Morgan, Colo., pro se.

Arthur Lindquist–Kleissler, Solomon & Lindquist–Kleissler, Denver, Colo., for C. Gail Hunter, Hunter & Hunter, and Solomon & Lindquist–Kleissler.

Paul E. Collins, Greengard Senter Goldfarb & Rice, Denver, Colo., for Bd. of Co. Comrs., Morgan County, Bruce Bass, Robert Eisenach, Richard Neb, Ord Wells, Christina Bauer.

Robert J. Dyer, III, Paul G. Urtz, Stutz, Dyer & Miller, Denver, Colo., for Robert J. Dyer, III, & Stutz, Dyer & Miller.

## ORDER ON MOTIONS TO DISMISS

KANE, Senior District Judge.

Rainsford J. Winslow and other named and unnamed plaintiffs (collectively, "Winslow") commenced this action on December 11, 1990.[1] The complaint names as defendants certain public officials and entities, other individuals, three law firms, and 200 unnamed "John/Jane Doe" defendants.[2] The allegations in the complaint are grouped by defendant and purportedly state claims for civil rights violations under 42 U.S.C. §§ 1983 and 1985 [3], various criminal statutes, the Bankruptcy Code and state law. The complaint states as its jurisdictional basis 28 U.S.C. §§ 1331, 1343 and 1651.

As in many of the other lawsuits Winslow has filed in this court, the nexus of this action is certain state court judgments entered against Winslow in Civil Action No. 79–CV–97 in Morgan County, Colorado (the "Morgan County case") and the proceedings by which Winslow has subsequently sought to nullify those judgments. *See generally, Winslow v. Bauer*, 585 F.Supp. 1048, 1050–52 (D.Colo.1984) (describing Morgan County case and subsequent court proceedings). I have granted previously the motions of Governor Romer and Ralph H. Coyte to be dismissed from this action. This matter is now before me on the motions to dismiss by defendants Charles E. Matheson, Morgan County, Bruce Bass, Robert Eisenbach, Richard Neb, E. Ord Wells, Christina Bauer, Robert J. Dyer, III, the law firm of Stutz, Dyer & Miller, C. Gail Hunter, the law firm of Hunter & Hunter, Arthur Lindquist–Kleissler, and the law firm of Solomon & Lindquist–Kleissler.

In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the motion will be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him

1. Winslow indicates that the other named plaintiffs have conveyed to him their rights in this action. I make no comment on the propriety of pleadings filed with such a caption, and I note that the "John/Jane Doe" plaintiffs have not obtained the court's permission to proceed anonymously. *See National Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1244–45 (10th Cir.1989).

2. Since none of the allegations in the complaint reference the "John/Jane Doe" defendants, they are dismissed from this action.

3. The complaint does not identify the subsection of § 1985 upon which the conspiracy claims are based. Given the patent inapplicability of §§ 1985(1) and 1985(2), I assume Winslow intends to state his conspiracy claims under § 1985(3). To state a claim under this section, the plaintiff must allege racial or otherwise class-based discriminatory animus. *See Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971); *Brown v. Reardon*, 770 F.2d 896, 905 (10th Cir.1985); *Silkwood v. Kerr–McGee Corp.*, 637 F.2d 743, 747–48 (10th Cir.1980), *cert. denied*, 454 U.S. 833, 102 S.Ct. 132, 70 L.Ed.2d 111 (1981). Winslow has not done so here. Therefore, the § 1985(3) claims are dismissed.

to relief. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Tri–Crown, Inc. v. American Fed. Sav. & Loan Ass'n,* 908 F.2d 578, 582 (10th Cir.1990). When the plaintiff appears *pro se,* as in this case, the complaint is held to a less stringent standard than one drafted by counsel. *See Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Collins v. Cundy,* 603 F.2d 825, 827 (10th Cir.1979). Nevertheless, "the same degree of predisposition in favor of the pro se plaintiff is not called for when a determination is made under § 1915(d)." *Collins,* 603 F.2d at 827–28. That statute permits the court to dismiss an action filed *in forma pauperis* if the court concludes that it is "frivolous" or "malicious." 28 U.S.C. § 1915(d); *See Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). For the following reasons, I dismiss this action for failure to state a claim under Rule 12(b)(6) and as frivolous under § 1915(d).[4]

### I. Charles E. Matheson.

■ On January 11, 1991, United States Bankruptcy Judge Charles E. Matheson moved for dismissal of the claims against him in Count IV of the complaint on the basis of absolute judicial immunity. Winslow alleges that Judge Matheson violated federal criminal statutes and procedural and evidentiary rules by wrongfully issuing a warrant for his arrest, condoning the use of force in the arrest, removing documents from the file in Winslow's bankruptcy case and preventing Winslow from testifying or presenting evidence as to certain events during bankruptcy proceedings. The remainder of the allegations are vague as to the specific actions complained of. Winslow seeks actual damages, punitive damages and declaratory and injunctive relief.

In his reply to the motion to dismiss filed on January 18, 1991, Winslow does not address Judge Matheson's absolute immunity from liability for his official acts except to argue that the judge exceeded his jurisdiction in taking the above actions. Although a judge is not protected by the defense of absolute immunity for actions outside of his subject matter jurisdiction, *see Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978), all of the allegations against Judge Matheson in Count IV relate to activities performed as part of his official duties as a bankruptcy court judge in matters clearly within his jurisdiction. Arguments that Judge Matheson's actions were in error, malicious or exceeded his authority will not overcome the defense of judicial immunity. *Id.* Therefore, Judge Matheson is entitled to absolute judicial immunity. *See id.; Crabtree ex rel. Crabtree v. Muchmore,* 904 F.2d 1475, 1477 (10th Cir. 1990); *Van Sickle v. Holloway,* 791 F.2d 1431, 1435–36 (10th Cir.1986).

■ Furthermore, absent the immunity issue, the complaint fails to state a claim upon which relief can be granted. Winslow alleges that Judge Matheson violated 18 U.S.C. §§ 2071 and 3109, Fed.R.Crim.P. 4(a), and Fed.R.Evid. 103. None of these statutes or rules will support a cause of action for damages. Private citizens generally have no standing to institute federal criminal proceedings. *See Keenan v. McGrath,* 328 F.2d 610, 611 (1st Cir.1964). As the court explained in *Bass Angler Sportsman Soc'y v. United States Steel Corp.,* 324 F.Supp. 412, 415 (S.D.Ala.1971) (citations omitted), *aff'd,* 447 F.2d 1304 (5th Cir.1971):

> [C]riminal statutes cannot be enforced by civil actions. Serious constitutional problems are encountered in any attempt

---

4. *Neitzke v. Williams* makes clear that the standards for dismissal under Rule 12(b)(6) and § 1915(d) are distinct, although there "is considerable common ground" between the two. 490 U.S. at 326, 109 S.Ct. at 1832. Here, Winslow has failed to raise any close issue of law and his factual contentions, while not "fantastic" or "delusional," *see id.* at 328, 109 S.Ct. at 1833, contain clear misstatements and mischaracterizations of the facts. Moreover, Winslow has had the opportunity to respond to the various motions to dismiss, so the Supreme Court's concerns in *Neitzke* about notice and opportunity to be heard are not implicated. *See id.* at 329, 109 S.Ct. at 1833.

to impose criminal sanctions by way of civil procedures.

Equally important is the firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions. It has been repeatedly held that the Executive Branch through the Justice Department and U.S. Attorneys is charged with enforcement of federal criminal law and in this area has broad discretion in determining whether or not to prosecute. In the exercise of such discretion U.S. Attorneys are immune from control or interference through mandamus or otherwise by private citizens or by courts.

An exception to this general rule exists where the criminal statute, by its terms or legislative history, indicates that Congress intended to permit private enforcement. *See generally Cort v. Ash*, 422 U.S. 66, 74–80, 95 S.Ct. 2080, 2086–89, 45 L.Ed.2d 26 (1975). "But the Supreme Court has cautioned against entertaining private causes of action based on 'a bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone.'" *Korenyi v. Department of Sanitation of New York*, 699 F.Supp. 388, 397 (E.D.N.Y.1988) (citing *Cort v. Ash*, 422 U.S. at 80, 95 S.Ct. at 2089).[5]

Nothing in the language or history of 18 U.S.C. §§ 2071 or 3109[6] indicates that either statute was intended to create a private right of action. *See, e.g., Dugar v. Coughlin*, 613 F.Supp. 849, 852 n. 1 (S.D.N.Y.1985) (no private right of action under § 2071). Furthermore, I am aware of no authority which permits a private right of action for damages under the procedural rules cited. Rules of procedure and evidence apply in cases already commenced in federal court. *See* Fed.R.Civ.P. 1; Fed.R. Crim.P. 1; Fed.R.Evid. 101. They do not provide an independent basis for a cause of action.

Consequently, because Judge Matheson is absolutely immune in this action and the allegations otherwise fail to state a claim, the motion to dismiss as to the Honorable Charles E. Matheson is GRANTED.

## II. Morgan County, Bruce Bass, Robert Eisenbach, Richard Neb, Christina Bauer and Ord E. Wells.

On January 22, 1991, the above defendants moved to dismiss the claims against them in Counts V, VI and VII of the complaint. These claims arise out of the County's failure to approve Winslow's subdivision request, the institution of a criminal investigation against him for attempting to influence a public official, and the individual defendants' actions in helping to bring about these events. Winslow alleges that the defendants violated § 362 of the Bankruptcy Code and 42 U.S.C. § 1983. He seeks actual and punitive damages. Winslow has not responded to the motion to dismiss.

I have no jurisdiction over Winslow's claims under the Bankruptcy Code. Under General Procedure Order No. 1984–3, all cases arising under or related to the Bankruptcy Code are referred to the Bankruptcy Court, which exercises its jurisdiction pursuant to 28 U.S.C. § 157(b). All papers in those cases are to be filed with the bankruptcy court. Therefore, Winslow's claim that Morgan County violated the automatic stay in bankruptcy must be addressed first to the bankruptcy court currently presiding over Winslow's bankrupt-

---

5. Although Winslow apparently seeks civil damages and not criminal sanctions against the defendants in this case, a private citizen's only redress for loss due to crime, absent a statutory provision or special undertaking, is though a victim's compensation statute or criminal restitution. *See generally* 24 C.J.S. *Criminal Law* § 1759–1781 (1989). Victims of crime who receive compensation by these means do so "not as a matter of legal right but as a matter of grace." *Id.*

6. Moreover, the allegations relating to § 3109 are absurd. Winslow charges Judge Matheson with violating § 3109 by authorizing U.S. Marshalls to smash in his door and have him arrested at gunpoint. That statute actually authorizes federal officers to "break open any outer or inner door" in executing search warrants. 18 U.S.C. § 3109.

cy case. It is not the proper subject of a separate civil action.

▇▇▇ Winslow's claims against the defendants under § 1983 are likewise without merit. Winslow argues that Morgan County and several other defendants violated his civil rights under the fifth and fourteenth amendments by failing to give notice or hold a hearing before denying his subdivision request. As the court noted in *Raskiewicz v. Town of New Boston*, 754 F.2d 38, 44 (1st Cir.), *cert. denied*, 474 U.S. 845, 106 S.Ct. 135, 88 L.Ed.2d 111 (1985), "federal courts do not sit as a super zoning board or a zoning board of appeals.... [W]here ... the state offers a panoply of administrative and judicial remedies, litigants may not ordinarily obtain federal court review of local zoning and planning disputes by means of § 1983." Here, assuming that Winslow was denied notice and a hearing, he has adequate state law remedies. *See Snyder v. City of Lakewood*, 189 Colo. 421, 542 P.2d 371 (1975) (describing procedure for appealing zoning decisions), *overruled on other grounds, Margolis v. District Court ex rel. Arapahoe County*, 638 P.2d 297, 305 (Colo.1981). Furthermore, the notice and hearing rights under a zoning ordinance are procedural only and do not give rise to an independent interest protected by the fourteenth amendment. *Fusco v. Connecticut*, 815 F.2d 201, 205–06 (2nd Cir. 1987).

▇▇▇ Winslow further alleges that defendants acted improperly in encouraging the district attorney to file charges against him for influencing a public official. The complaint does not indicate the legal theory upon which these allegations are based. Construing the complaint broadly and assuming Winslow is relying on § 1983, the allegations fail to state a claim. First, as a general rule, § 1983 does not give rise to a claim for malicious prosecution. *See, e.g., Tarkowski v. County of Lake*, 775 F.2d 173, 175 (7th Cir.1985). Only when officials "conspire to procure groundless state indictments and charges based upon fabri-

cated evidence or false, distorted, perjurious testimony presented to official bodies in order to maliciously bring about a citizen's trial or conviction" will a cause of action arise under § 1983. *Anthony v. Baker*, 767 F.2d 657, 662 (10th Cir.1985). There are no such allegations here.

▇▇▇ Second, even assuming this requirement is met, an action under § 1983 will not lie where there has been a determination that the charges filed were based on probable cause. *See McCarthy v. Mayo*, 827 F.2d 1310, 1316–17 (9th Cir.1987). This court takes judicial notice of the decision in the criminal case filed in Morgan County district court against Winslow, wherein the court stated: "On September 14, 1989, a Preliminary Hearing was conducted which resulted in a finding that the prosecution had met its burden of proving probable cause to believe that Defendant [Winslow] committed a violation of C.R.S. 18–8–306." [7] The allegations simply do not state a claim under § 1983 for malicious prosecution. Finally, to the extent Winslow intended to state a claim under state law for malicious prosecution, the existence of probable cause is likewise preclusive. *Montgomery Ward & Co. v. Pherson*, 129 Colo. 502, 272 P.2d 643, 645 (1954); *see also Walford v. Blinder, Robinson & Co.*, 793 P.2d 620, 623 (Colo.App.1990), *cert. dismissed*, —— U.S. ——, 111 S.Ct. 452, 112 L.Ed.2d 433 (1990).

In addition to the above claims, Winslow alleges that County Attorney Wells violated his civil rights by convincing the County to institute two civil proceedings limiting Winslow's access to Morgan County Courts "when he knew, or should have known, that Morgan County had no standing to take such action." Complaint, ¶ 22. In addition to the fact that this claim is likely barred by the statute of limitations, it fails to state a claim as a matter of law. In *Board of County Commissioners v. Winslow*, 706 P.2d 792 (Colo.1985), the Colorado Supreme Court upheld the district court's decision granting the County's petition to

---

7. *People v. Winslow*, No. 89CR104 (Morgan County, Colo. Feb. 8, 1990) (attached as Exhibit

C. to the defendants' motion to dismiss).

enjoin Winslow from further *pro se* appearances in that court. Obviously, the County had standing to institute such an action. Furthermore, the court held in that case that Winslow's constitutional rights were not violated by the relief order. *Id.* at 794. Winslow is precluded from further contesting that ruling here.

Winslow also alleges that Wells violated 18 U.S.C. § 308. Since there is no such statute in the United States Code, I will assume that Winslow intended to cite 18 U.S.C. § 208, which provides for penalties to be assessed against federal officials who participate in proceedings in which they have a personal financial interest. The complaint does not state a claim against Mr. Wells under 18 U.S.C. § 208; this statute applies to federal employees only. *Cf. Exchange Nat'l Bank v. Abramson*, 295 F.Supp. 87 (D.Minn.1969); 3 Op.Off.Legal Counsel 321, 323 (1979). Moreover, as I have outlined above, criminal statutes generally cannot be enforced by civil actions. There is no indication that this statute was intended to provide a cause of action for damages to private individuals aggrieved by the official's conflict of interest.

With respect to defendant Christina Bauer, Winslow also alleges that Bauer committed criminal conspiracy under 18 U.S.C. §§ 241 and 242, the criminal analogue to 42 U.S.C. § 1983. Neither section provides a private right of action for conspiracy. *Korenyi v. Department of Sanitation*, 699 F.Supp. at 397. The complaint fails to state a claim under 18 U.S.C. § 241 or 242. For the foregoing reasons, the motion to dismiss by defendants Morgan County, Bruce Bass, Robert Eisenbach, Richard Neb, Christina Bauer and Ord E. Wells is GRANTED.

### III. Robert J. Dyer, III and Stutz, Dyer & Miller.

██ Count IX of the complaint alleges claims against attorney Robert J. Dyer, III and the law firm of Stutz, Dyer & Miller under 42 U.S.C. § 1983, 18 U.S.C. § 1341 and the Colorado Rules of Civil Procedure. The allegations relate to the firm's representation of the plaintiffs in the Morgan County case. Dyer and the firm move for dismissal, arguing that Winslow is not the proper party in interest, that the allegations fail to state a claim under the civil rights statutes, and that the claims are barred by res judicata. Winslow fails to address these issues in his response to the motion.

The complaint fails to state a claim against Dyer or the firm under § 1983. Construing the complaint in the light most favorable to Winslow, there are no allegations of state action, an essential element of any § 1983 claim. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). Winslow's civil rights claims against Dyer and the firm are based on these defendants' alleged wrongful garnishment of Winslow's bank account and breach of fiduciary duty to the class members they represented in the Morgan County case. The defendants' use of state garnishment procedures will not support a finding of state action. *See Winslow v. Bauer*, 585 F.Supp. at 1054. Likewise, the pleadings fail to indicate any colorable basis to infer that the defendants' alleged breach of fiduciary duty to the class plaintiffs equates to state action. Since § 1983 does not reach purely private conduct, *see District of Columbia v. Carter*, 409 U.S. 418, 424, 93 S.Ct. 602, 606, 34 L.Ed.2d 613 (1973), the allegations fail to state a claim.

Finally, Winslow's allegations under 18 U.S.C. § 1341 for mail fraud fail to state a claim. There is no civil action for damages permitted by this statute or case law construing it. *Creech v. Federal Land Bank of Wichita*, 647 F.Supp. 1097, 1099 (D.Colo. 1986). Therefore, the motion of Robert J. Dyer III and Stutz, Dyer & Miller to dismiss the claims against them is GRANTED.

### IV. C. Gail Hunter, Hunter & Hunter, Arthur Lindquist–Kleissler and Solomon & Lindquist–Kleissler.

Counts X and XI of the complaint allege claims against the trustee of Winslow's bankruptcy estate, C. Gail Hunter, the attorney representing her, Arthur Lindquist–

Kleissler, and their respective law firms. The claims are based on alleged violations of 18 U.S.C. § 3057, the Bankruptcy Code and 42 U.S.C. § 1983. There are also state law claims for abuse of process and malicious prosecution. On February 15, 1991, the above defendants moved to dismiss these claims, or in the alternative, for summary judgment. Winslow responded to the motion on February 19, 1991 but failed to address the dispositive issues it raised.

As I have outlined previously, Winslow has no standing to bring a civil action for damages for alleged violations of federal criminal statutes. Winslow claims that Hunter and her law firm violated 18 U.S.C. § 3057(a) by not reporting the filing of false proofs of claims by Morgan County and the Williams Group, plaintiffs in the Morgan County case. That statute makes clear that its enforcement is the duty of the United States attorney. Likewise, there is no indication that the trustee violated this statute. The allowability of the Morgan County and Williams Group claims was upheld by this court in another proceeding, *see Winslow v. Williams Group*, No. 89–M–1811, slip op. at 6–9 (D.Colo. May 8, 1990). The proofs of claim were not false and the trustee was under no duty to make a report under § 3056.

Winslow's claims under the Bankruptcy Code and the civil rights acts are similarly meritless. As I have explained above, Winslow's claims under the Bankruptcy Code are cognizable only in the bankruptcy court; he cannot recover for the trustee's alleged misfeasance of her duties in a separate civil action for damages. Further, although Winslow alleges that the above defendants acted "under color of law" for the purposes of § 1983, *see, e.g.,* Complaint ¶ 48, the defendants must be acting under color of *state* law. These defendants acted pursuant to their authority under the Bankruptcy Code. The Bankruptcy Code is *federal* law. *See Lonnecker Farms, Inc. v. Klobucher*, 804 F.2d 1096, 1097 (9th Cir. 1986) (dismissing plaintiffs § 1983 claim against bankruptcy judge and trustee). The § 1983 claims thus fail as a matter of law. Finally, the state law malicious prosecution and abuse of process claims must be dismissed for lack of pendent jurisdiction. *See Sawyer v. County of Creek*, 908 F.2d 663, 668 (10th Cir.1990).

Accordingly, the motion to dismiss filed by C. Gail Hunter, Hunter & Hunter, Arthur Lindquist–Kleissler and Solomon & Lindquist–Kleissler is GRANTED.

### V. Injunctive Relief and Attorney Fees.

In addition to moving to dismiss the claims against them, defendants Robert J. Dyer III, Stutz, Dyer & Miller, C. Gail Hunter, Hunter & Hunter, Arthur Lindquist–Kleissler, and Solomon & Lindquist–Kleissler have requested that I enter an injunction against Winslow to prevent him from filing further actions in this court without the representation of an attorney. They additionally request attorney fees under 42 U.S.C. § 1988.

Federal courts are vested with the inherent and statutory authority to enter orders "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651; *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir.1989). This includes the power to issue an injunction to restrain the filing of meritless pleadings, *id.; In re Packer Ave. Assocs.*, 884 F.2d 745, 747 (3d Cir.1989); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir.1987), and to limit a plaintiff's ability to proceed *pro se* and *in forma pauperis*. *See, e.g., In re Sindram*, — U.S. —, 111 S.Ct. 596, 112 L.Ed.2d 599 (1991); *Abdul–Akbar v. Watson*, 901 F.2d 329, 332 (3d Cir.1990). This power is to be used sparingly, and litigiousness alone will not support its invocation. *See Tripati*, 878 F.2d at 353; *Abdul–Akbar v. Watson*, 901 F.2d at 332; *In re Packer Ave. Assocs.*, 884 F.2d at 747. Nevertheless, as the Supreme Court has recently noted,

The goal of fairly dispensing justice, however, is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests. Pro se petitions have a greater capacity than most to disrupt the

fair allocation of judicial resources because they are not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous petitions. *In re Sindram*, 111 S.Ct. at 597.

 Orders restraining the filing of litigation must be narrowly tailored. *See Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir.1986). The defendants request that I enter an order requiring Winslow to be represented by an attorney in all future proceedings in this court. While representation by an attorney would no doubt prove beneficial to the court and to the litigants involved in Winslow's ongoing attempt to avoid the judgments in the Morgan County case, similar relief was struck down by the Tenth Circuit as overbroad. *See Colorado ex rel. Colorado Judicial Dept. v. Fleming*, 726 F.Supp. 1216, 1220 (D.Colo.1989). While injunctive relief is warranted, a different approach is more appropriate.

In the many cases in which federal courts have restrained an abusive litigant from initiating filing frivolous lawsuits, instead of limiting the *pro se* litigant's right to self-representation, the court has required the litigant to obtain the court's permission to file the action. *See Cotner*, 795 F.2d at 902 (citing cases); *e.g., Fleming*, 726 F.Supp. at 1222–24. In some cases, the litigant must certify that the action is filed in good faith and is not malicious, that it has arguable merit, and that the claims advanced have never been raised before and are not barred by res judicata or collateral estoppel. *Id.* Further, litigants have been required to include a list of all causes previously filed, provide the court with proof that all pleadings have been served on adverse parties, and meet an enhanced burden of showing the need for *in forma pauperis* status. *Cotner*, 795 F.2d at 902–03. These measures are appropriate here.

 This is the thirty-fourth action that Winslow has commenced in this court since 1983. *See* Appendix A. A review of these actions indicates that nearly every one can be traced, directly or indirectly, to the Morgan County case. By filing repetitive, often frivolous pleadings, Winslow demonstrates his failure to comprehend fundamental principles of jurisdiction, stare decisis and res judicata. Winslow's filings are many times incorrect in procedure and form, and he often attempts to evade the court's final ruling on a matter by filing multiple motions for reconsideration. Once having commenced an action, he seeks to expand the proceedings to include matters outside the scope of the original complaint and, often, outside the court's jurisdiction. Several parties have notified the court that Winslow has failed to comply with federal and local procedural rules requiring the service of pleadings and other papers filed with the court. Monetary sanctions have not proven effective in deterring his abuse of the legal process.

Certainly, some of Winslow's earlier failures in this regard can be attributed to his inexperience and *pro se* status. Given his lengthy record in this court, however, Winslow's conduct must now be interpreted as in deliberate disregard of the court's rulings. Winslow has been informed repeatedly that he cannot collaterally attack the validity of a state court judgment in federal court. Yet he continues to represent that the judgments rendered in the Morgan County case are void, using this contention as the basis for his subsequent allegations of misfeasance against government officials, attorneys, and other parties.

Accordingly, to relieve the court and protect other parties from the burdens of Winslow's frequent and vexatious litigation, Winslow is hereby ENJOINED from proceeding as a proponent of any claim in the United States District Court for the District of Colorado without the representation of any attorney licensed to practice in the State of Colorado and admitted to practice in this court, unless Mr. Winslow first has obtained leave of the court to proceed *pro se*. The specific procedures for obtaining the court's permission to proceed *pro se*, which have been adapted from this court's holding in *Fleming, see* 726 F.Supp. at 1221–24, are outlined in Appendix B to this opinion.

Several defendants have also requested attorney fees under 42 U.S.C. § 1988 as prevailing defendants in this action. "A prevailing defendant [in a civil rights action] may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 U.S. 424, 429 n. 2, 103 S.Ct. 1933, 1937 n. 2, 76 L.Ed.2d 40 (1983); *see also Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). This standard has been applied with particular strictness in *pro se* cases. *See Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir.1987). The decision to award or deny fees against the plaintiff under this section is a matter in the district court's discretion. *Melton v. City of Oklahoma City*, 879 F.2d 706, *rehearing granted on other grounds*, 888 F.2d 724 (10th Cir.1989).

For the reasons stated in connection with my ruling on injunctive relief, I have little difficulty concluding that this action satisfies the above criteria. As the court noted in *Miller*, "repeated attempts by a pro se plaintiff to bring a claim previously found to be frivolous militates in favor of awarding attorney's fees to a prevailing defendant. In such a situation, it is entirely appropriate to hold the plaintiff responsible for knowing that the claim is groundless." 827 F.2d at 620 (citation omitted). Nevertheless, I deny the request for attorney fees because it is clear that Winslow would be unable to pay them. *See Munson v. Friske*, 754 F.2d 683, 697 (7th Cir.1985) (court may address plaintiff's ability to pay § 1988 award); *Spence v. Eastern Airlines, Inc.*, 547 F.Supp. 204 (S.D.N.Y.1982) (same); *Herrera v. Farm Prods. Co.*, 540 F.Supp. 433 (D.Iowa 1982) (same). Winslow is proceeding in this and other cases *in forma pauperis* and his estate is currently being liquidated by the bankruptcy court. The deterrent purposes of § 1988 will be better served by the injunctive relief ordered above. Therefore, the requests for attorney fees under § 1988 are DENIED.

## VI. Other Motions.

Because I have dismissed this case and entered the above-described injunctive relief, the motions for protective order filed by E. Ord Wells, G. Gail Hunter, Hunter & Hunter, Arthur Lindquist–Kleissler and Solomon & Lindquist–Kleissler are DENIED as moot. The motion to ensure compliance with Local Rule 402 and for timely service of pleadings and the motion for reconsideration of in forma pauperis status are likewise DENIED as moot.

## APPENDIX A

*Summary of Federal District Court Actions Initiated by Rainsford J. Winslow*

1. *Williams v. Winslow* (83–Z–1085)

 Unsuccessful attempt by Winslow to remove Morgan County case to federal court. The action was remanded to state court on June 27, 1983. Winslow's subsequent appeal to the Tenth Circuit was dismissed (Appeal No. 83–2016).

2. *Winslow v. Bauer* (83–K–1267)

 Civil rights action under 42 U.S.C. § 1983 against Morgan County Commissioners. Winslow sought damages against the Commissioners for their alleged fraud in obtaining money from the federal government for the upkeep of roads and for conspiracy to violate Winslow's civil rights by the filing of a state court action to enjoin Winslow's construction of a sewer system. The defendants' motion for summary judgment was granted and the case was dismissed. The dismissal was affirmed on appeal to the Tenth Circuit (Appeal No. 84–1188).

3. *Winslow v. Colorado Supreme Court Justices* (83–Z–2279)

 Section 1983 action seeking an order compelling the justices of the Colorado Supreme Court to take certain actions in the Morgan County case. The action was dismissed on December 7, 1983; the dismissal was affirmed on appeal to the Tenth Circuit (Appeal No. 83–2639).

4. *Winslow v. Weinshienk* (83–K–2340)

Petition for writ of mandamus against Judge Weinshienk alleging that her action in Winslow's earlier cases violated Winslow's constitutional rights. The district court denied the petition and dismissed the action on December 12, 1983.

5. *Winslow v. Leh* (83–K–2441)

Section 1983 civil rights action against state court trial judge and court reporter in the Morgan County case. Winslow accused the judge of multiple instances of bias, the violation of Winslow's right to equal protection when the judge permitted an attorney to hook up a sewer system without paying a tap fee, and the violation of Winslow's right to due process when he imposed a constructive trust on certain land. The reporter was accused of failing to accurately record the proceedings and to provide Winslow with a transcript. The court denied Winslow's motion for a preliminary injunction, *see Winslow v. Leh*, 577 F.Supp. 951 (D.Colo.1984), and then dismissed the action against the judge on the basis of absolute immunity and against the reporter for failure to state a claim and res judicata. *See Winslow v. Bauer*, 585 F.Supp. 1048, 1054 (D.Colo. 1984) (noting that the "Winslows were merely trying to rehash issues that could have and should have been raised in state court" in this action). The defendants were awarded attorney fees. *Id.* Additional costs and fees were awarded to the defendants on appeal (Appeal No. 84–1755).

6. *Winslow v. McNamara* (84–K–366)

Civil rights action against state court judge hearing post-trial motions in Morgan County case, seeking an injunction to vacate a hearing before the judge. The case was dismissed on February 23, 1984 as an "improper attempt to have a federal court interfere with a state court proceeding." *Id.* at 1052.

7. *Winslow v. Dyer* (84–K–367)

Section 1983 action against the plaintiffs and their attorneys in the Morgan County case. Winslow accused the defendants of violating § 1983 by the improper institution of garnishment proceedings, conspiracy to deprive him of his constitutional rights under § 1985 and for violating 15 U.S.C. § 1671. The court dismissed the action for failure to state a claim under these theories, characterizing it as a "blatant attempt at preventing the collection of a valid judgment," and awarded the defendants attorney fees. *Id.* at 1054. The dismissal was affirmed on appeal to the Tenth Circuit, and the defendants were awarded additional fees (Appeal No. 84–1746).

8. *Williams v. Winslow* (84–K–800)

This action was a second attempt by Winslow to have the Morgan County case removed to federal court. The case was remanded back to state court on April 19, 1984. Winslow's subsequent appeal to the Tenth Circuit was dismissed and the appellees were awarded their costs and fees (Appeal No. 84–1749).

9. *Winslow v. Erickson* (84–HB–1190)

This was a civil rights action under § 1983 against the members of the Colorado Supreme Court, certain members of the Colorado Court of Appeals, several Morgan County judges and officials, a federal judge, a federal magistrate and two lawyers. The action also sought removal of a state court case, No. 84–CV–16, which was Winslow's attempt to collaterally attack the judgment in the Morgan County case. The action was dismissed and the defendants awarded their costs.

10. *Winslow v. Kane* (84–HB–1558)

Action for injunctive relief against federal district court judge to compel him to take actions in other cases. The case was summarily dismissed on August 22, 1984.

11. *Winslow v. Williams* (84–HB–1559)

This action against Winslow's adversaries in the Morgan County case was dismissed as a "groundless" attempt to

relitigate matters already decided in state court.

12. *Morgan Heights Landowner's Association v. Winslow* (84–K–1893)

A third attempt by Winslow to remove the Morgan County case to federal court. The action was remanded again to state court and the district court awarded attorney fees against Winslow. Costs and fees were likewise awarded by the Tenth Circuit, which dismissed the appeal as to the remand order and affirmed the portion of the district court's order prohibiting the filing of repetitious removal petitions (Appeal No. 84–2470).

13. *Winslow v. Foote* (84–HB–2217)

Civil action against state and federal judges originally filed in the District of Wyoming, but transferred to this district. The action was dismissed summarily on August 14, 1984.

14. *Winslow v. Kane* (85–HB–1979)

Action against federal district court judge for violation of Winslow's civil rights under 42 U.S.C. § 1983. The district court dismissed the action on October 14, 1986.

15. *Winslow v. Williams (In re Winslow)* (85–HB–2031)

Appeal from bankruptcy court rulings in bankruptcy case No. 84–B–5631–M. The appeal was dismissed on January 13, 1986.

16. *Winslow v. Oppenheim (In re Winslow)* (85–F–2386)

Appeal challenging bankruptcy judge's refusal to recuse himself in bankruptcy Case No. 84–B–5631–M. The district court granted the appellant's motion to dismiss this appeal.

17. *Winslow v. Oppenheim (In re Winslow)* (85–F–2387)

Appeal of the bankruptcy court's dismissal of Winslow's Chapter 11 petition in Case No. 84–B–5631–M. The appeal was dismissed on November 4, 1985.

18. *Winslow v. Williams (In re Winslow)* (85–C–2703)

Appeal from the dismissal of Winslow's second bankruptcy filing, Case No. 84–B–6032–M. The appellee's motion to dismiss the appeal was granted.

19. *Winslow v. MacFarlane (In re Winslow)* (85–C–2704)

Appeal from bankruptcy court's dismissal of Case No. 85–B–4269–J. The district court affirmed the dismissal. On appeal, the Tenth Circuit vacated the district court's judgment, holding that the district court lacked jurisdiction over the appeal (Appeal No. 87–2271).

20. *Winslow v. Lehr* (86–K–1202)

Action against members of the Colorado Public Utilities commission arising out of a complaint against Winslow by a Morgan Heights resident receiving water from Winslow's utilities company. The district judge denied Winslow's motion for disqualification and dismissed the action. *See Winslow v. Lehr*, 646 F.Supp. 242 (D.Colo.1986).

21. *Winslow v. Coyte* (87–F–1558)

A habeas corpus petition directed to two state court judges. The petition alleged that Winslow's liberty was being restrained by a lis pendens filed against his property, inadequate legal representation, judicial bias, an illegal garnishment procedure and his inability to obtain appellate review of the Morgan County case. On November 25, 1985, the case was dismissed. Winslow's petition for leave to appeal *in forma pauperis* was denied and his appeal to the Tenth Circuit was dismissed for lack of prosecution (Appeal No. 87–2871).

22. *Winslow v. Coyte* (87–F–1559)

A second habeas petition identical to the one above. Winslow claimed to have filed two actions in the hope they would be assigned to different judges, thereby increasing his chances of a favorable judgment. This action was likewise dismissed.

23. *Winslow v. Shinn* (87–A–1645)

A habeas petition similar to those described above, naming as defendants three state court judges and the Mor-

gan County Attorney. The district court dismissed the petition. On appeal to the Tenth Circuit, the appellate court held that the district court lacked jurisdiction over the case as a habeas corpus petition. Construed as a civil rights action, the appellate court affirmed the dismissal. It further awarded the appellees their costs and fees for the appeal (No. 88–1231).

24. *Winslow v. Morgan County Commissioners* (87–F–1703)

Action for civil rights violations and seeking removal of state court suit related to the Morgan County case. The district court dismissed the removal petition and denied the request for affirmative relief. Winslow's appeal to the Tenth Circuit was dismissed for lack of jurisdiction (Appeal No. 88–2864).

25. *Winslow v. Shinn* (88–A–1105)

Motion for habeas corpus relief directed to state court judge presiding over case against Winslow brought by Morgan County Commissioners. Winslow alleged, *inter alia*, that the judge's issuance of a bench warrant after Winslow failed to appear for a hearing was unconstitutional. The district court noted that a proper remand order was not entered in Case No. 85–F–1703, and subsequently it denied the motion.

26. *People v. Winslow* (89–CR–399)

Petition seeking removal of state criminal prosecution against Winslow for attempting to influence public officials. The court dismissed the petition and remanded the case to state court.

27. *Winslow v. Morgan County (In re Winslow)* (89–M–422)

Appeal in Bankruptcy Case No. 89–B–247–C, challenging bankruptcy judge's failure to recuse herself and other issues. The district court affirmed the bankruptcy judge's decision not to recuse and dismissed the appeal as to the other issues raised.

28. *Winslow v. Dyer* (89–M–934)

Civil rights action to compel class members in Morgan County case to accept a settlement that Winslow proposed and to collaterally attack the judgment in the Morgan County case. Winslow later expanded the action to include a request for a stay of the proceedings in his bankruptcy case, No. 89–B–247, the disqualification of the bankruptcy judge presiding over his case, the disqualification of all judges presently sitting on the United States Bankruptcy Court for the District of Colorado and a motion to withdraw the reference of his bankruptcy proceedings. These motions were denied on January 12, 1990. Winslow then moved for mandamus relief from a state court injunction prohibiting him from proceeding *pro se* in the District and County Courts of Morgan County, Colorado. That motion was also denied. Finally, Winslow filed a second motion for mandamus relief, requesting the removal of the bankruptcy judge presiding over his case. After a hearing on Winslow's motion for summary judgment on the civil complaint and his motion for mandamus relief, the court dismissed this action.

After the order dismissing the case was filed, Winslow moved for the third time to have the bankruptcy judge disqualified from presiding over his bankruptcy proceedings and for reconsideration of the dismissal of this case. Both requests were denied. Winslow then filed a motion to have the district court issue an arrest warrant against the bankruptcy judge. This motion was likewise denied, as was his request for immunity in all bankruptcy proceedings and a request for enforcement of certain nonexisting default judgments. Winslow's motion for reconsideration of the court's dismissal of this action was denied on February 14, 1991 and a Rule 59(e) motion to alter or amend the court's judgment was denied on February 21, 1991.

29. *Winslow v. Morgan County (In re Winslow)* (89–M–1573)

Petition for removal of Bankruptcy Case No. 89–B–247–C, based on Winslow's need for "protection of this U.S.

District Court from arbitrary/capricious actions taken by the U.S. Bankruptcy Court." The district court denied the petition and dismissed the action by order dated September 26, 1989.

30. *Winslow v. Williams Group* (89–M–1811)

Appeal of several bankruptcy court rulings in 89–B–247–C, including a ruling allowing Morgan County and the Williams Group's claims against the estate arising out of the judgments entered in the Morgan County case. In a detailed memorandum opinion dated May 8, 1990, the district court affirmed the bankruptcy court's rulings, noting that Winslow's arguments against the validity of these judgments were without merit. Winslow has appealed this decision to the Tenth Circuit (Appeal No. 90–1179).

31. *Winslow v. Williams Group* (90–K–663)

Winslow's appeal of the conversion of his bankruptcy case in No. 89–B–247–E from Chapter 11 to Chapter 7. The court denied the creditors' motion to dismiss the appeal based on Winslow's failure to order a transcript. Proceeding on the record without the transcript, the court affirmed the bankruptcy court's order, noting that there was evidence that the case was filed in bad faith. Winslow has further appealed to the Tenth Circuit (Appeal No. 91–1047).

32. *Winslow v. Egnor* (90–M–1432)

Petition for habeas corpus resulting from Winslow's incarceration on a contempt order issued by the bankruptcy court. Petition was granted, based on the bankruptcy court's failure to comply with certain procedural requirements. Since the petition was granted, Winslow has filed a second petition, requesting a writ of mandamus to disqualify the bankruptcy judge, a writ of prohibition to prevent the judge from further presiding over his case and other miscellaneous writs. These matters are pending.

33. *Winslow v. Hunter (In re Winslow)* (90–K–2106)

Appeal of the bankruptcy court's order appointing law firm to represent trustee for the Winslow bankruptcy estate. The district court denied Winslow's motion for stay pending appeal, noting that there was little likelihood that he would prevail on the merits. The district court has not yet ruled on the merits of this appeal.

34. *Winslow v. Romer* (90–K–2173)

The instant action for criminal, civil rights and bankruptcy violations against a number of state and federal officials, individuals and entities. The motions to dismiss by all defendants have been granted.

*Related Actions:*

35. *Williams v. Winslow (In re Winslow)* (89–K–1673)

Appeal by Winslow's creditors seeking reversal of bankruptcy judge's decision to recuse himself from Winslow's bankruptcy case. The district court affirmed the bankruptcy judge's decision to disqualify himself from the case.

36. *In re Winslow* (90–K–2254)

District Court's review pursuant to Bankruptcy Rule 9033 of bankruptcy court's findings and conclusions holding Winslow in contempt of court. This action is pending. Winslow has failed to order a transcript of the proceedings below.

## APPENDIX B

*Procedures for Petition Seeking Leave to File Pro Se Action*

Before initiating any *pro se* action in this district, Mr. Winslow must first obtain the court's permission to file the action. To do so, Winslow must submit to the court three documents in the form described below: (1) a petition requesting leave to file *pro se* action, (2) an affidavit, and (3) a copy of the complaint sought to be filed in this district.

A petition requesting permission to file a *pro se* action must contain the following information:

(1) a statement advising the court whether any defendant to the lawsuit was a party, litigant, judge, attorney, court officer, public official or participant to, or was in any way involved in, any prior lawsuit or bankruptcy proceedings involving Mr. Winslow, and if so, in what capacity;

(2) a list of all lawsuits in the United States District Court for the District of Colorado, Court of Appeals for the Tenth Circuit, and state courts in which Winslow was or is a party; the name, case number and citation, if applicable, of each case; a statement indicating the nature of Winslow's involvement in the lawsuit and its current status or disposition.

(3) a list of all federal or state cases in which a judgment was rendered against Winslow, if any; the name, case number and citation, if applicable; the amount of the judgment rendered against him; the amount, if any, of the judgment that remains outstanding and the reasons therefor;

(4) a list of all federal or state cases in which a judgment was rendered in favor of Winslow, if any; the name, case number and citation, if applicable; the amount of the judgment rendered against him; the amount, if any, of the judgment that remains outstanding and the reasons therefor; and

(5) a list identifying the procedural or monetary sanctions, assessment of attorney fees, contempt orders or jail sentences arising out of a civil prosecution imposed against him by any court, including all appellate courts, if any; the name, case number and citation, if applicable, of each case; a brief statement explaining the sanctions, contempt order, attorney fees or jail sentence imposed; the type or amount of sanctions; the outstanding amount of any sanctions or attorney fees; and the current status or disposition of the matter.

Winslow shall also submit with the above petition an affidavit, in the proper legal form, with appropriate jurat and notarization, containing the following recitals:

(1) that the complaint or claims Winslow wishes to present have never before been raised by him and disposed of by any federal or state court and are not, to the best of his knowledge, barred by collateral estoppel or res judicata;

(2) that to the best of his knowledge the claim or claims are not frivolous or taken in bad faith; that they are well grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; that the lawsuit is not interposed for any improper purpose, such as to harass, cause unnecessary delay or needless increase in the cost of litigation, or to avoid the execution of a valid judgment;

(3) that the claim or claims are not meant to harass any judicial officer, attorney, individual, organization or entity; and

(4) that in prosecuting the action, Winslow will comply with all federal and local rules of procedure, including those requiring the service to other parties of all pleadings and papers filed with the court and will provide the court with acceptable proof that such service was made.

Finally, Winslow shall include with the above-described petition and affidavit a copy of the complaint and any other documents to be filed with the court. The complaint shall conform with the requirements of this Appendix, Fed.R.Civ.P. 8, all other provisions contained in the Federal Rules of Civil Procedure, and the Local Rules of Practice.

The Clerk of the United States District Court for the District of Colorado shall maintain a file with the general title "In the Matter of Rainsford J. Winslow." This file shall serve as the repository of all orders relating to Winslow in this district, documents submitted under the procedures set forth herein, and any order entered pursuant thereto. The Clerk of the Court

shall also maintain a docket sheet associated with this file and shall list all documents filed therein.

The petition for leave to file *pro se* complaint, affidavit, and complaint shall be filed with the Clerk of the Court. The Clerk or his designated deputy shall accept the documents, mark them received and immediately forward them to a United States Magistrate.

The United States Magistrate shall recommend approval or disapproval of the petition. The Magistrate shall consider the following:

(1) whether Winslow has complied with the procedures set forth in this Appendix in all particulars;

(2) whether Winslow's complaint complies with the Federal Rules of Civil Procedure and Local Rules of Practice;

(3) whether the complaint is frivolous, abusive, harassing or malicious;

(4) whether the claims raised in Winslow's complaint have been adjudicated previously by any state or federal court;

(5) whether Winslow has complied in all respects with Fed.R.Civ.P. 11 and all pleadings and filings are not violative of 28 U.S.C. § 1927;

(6) whether the complaint alleges claims against judges, court officials, public officers or any other individuals who may have immunity from suit; and

(7) whether the complaint meets such other reasonable requirements established by the court or the Magistrate.

The Magistrate shall not otherwise address the merits of the complaint.

The Magistrate shall submit proposed findings of fact and a recommendation as to disposition of the petition to the Chief Judge of the United States District Court for the District of Colorado or his designees. Copies of proposed findings and recommendations shall be mailed to the petitioner and all interested parties who shall have ten (10) days after service thereof to serve and file written objections thereto. If no such objections are timely filed, the Magistrate's proposed findings and recommendations may be accepted by the Chief Judge or his designee and appropriate orders entered without further notice. No provision is made for oral representations in support of the petition. At the discretion of the Chief Judge, the filings may be presented directly to a district judge who shall consider the petition under the above standards.

Failure to comply with the procedures and principles set forth in this Appendix shall be grounds for denying the petition. Likewise, false or misleading recitals in the complaint or petition shall be grounds for denial and may subject Winslow to sanctions under Fed.R.Civ.P. 11 or 28 U.S.C. § 1927.

If the court enters an order granting the petition, the Clerk shall cause the complaint and accompanying materials to be filed as of the date of the order. The assignment of the case shall be pursuant to the Local Rules of Practice.

These procedures shall not apply to existing actions pending before the court or to any cases on direct appeal from the Bankruptcy Court.